**Concurring and Dissenting Opinion Filed March 5, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00085-CV

### IN RE DANIEL J. EDELMAN, INC., Relator

**Original Proceeding from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-17-06253-C**

## CONCURRING AND DISSENTING OPINION

Opinion by Justice Schenck

I concur with the Court's denial of relator's petition for writ of mandamus as to the trial court's ruling on real parties in interest's objections to the confidentiality designations of Exhibits B through L and N through S. I dissent from the Court's denial of relator's petition as to Exhibit M because that document contains information that is protected from disclosure as a matter of law and, thus, the trial court abused its discretion in ordering the de-designation of same.

It is undisputed that relator is a media relations firm and that Exhibit M contains communications between relator, as an informant or source, and a particular, named journalist. Relator urges that these communications are propriety and are considered by it to be confidential. Given the nature of relator's business,

relator's interest in its media presentation appears to be more proprietary than confidential—and certainly better grounded in the text of the agreed protective order that the other challenged exhibits. But the interest implicated by Exhibit M is not merely proprietary but also appears to concern a recurring relationship between a media relations firm and a news reporter, the disclosure of which would directly implicate the journalist's news gathering rights. *See, e.g.*, *Branzburg v. Hayes*, 408 U.S. 665, 708–09 (1972). Texas and other states have recognized the important role sources and informants play in the news gathering and reporting process, and have enacted shield statutes to protect the relationship between reporters and confidential sources. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 22.024 (a journalist cannot be compelled to disclose the source of information received by the journalist). This appears to be all the more significant when the relationship is of a recurring nature.

While the Texas shield statute is relatively new, it, like our sister states' shield laws, is designed to maintain the integrity of the news gathering process. *See, e.g.*, *Phoenix Newspapers, Inc. v. Reinstein*, 381 P.3d 236, 241 (Ariz. Ct. App. 2016) (Media Shield Law protects a reporter's sources and is rooted in the public purpose to allow journalists to collect the news from sources who would not otherwise disclose information if they were identified); *DiPaolo v. Times Publ'g Co.*, 142 A.3d 837, 844 (Pa. Super. Ct. 2016) (purpose of shield law is to maintain free flow of information to news media); *Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 180 (Ga. Ct. App. 2001) (strong public policy in favor of allowing journalists to

shield the identity of their confidential sources); *Rancho Publ'ns v. Superior Court*, 68 Cal. App. 4th 1538, 1543 (1999) (shield law's primary purpose is to safeguard the media's future ability to gather news); *In re Schuman*, 552 A.2d 602, 605 (N.J. 1989) (New Jersey Shield Law is designed "to protect the confidential sources of the press as well as information so obtained by reporters and other media representatives to the greatest extent permitted by the Constitution[s]" of the United States and New Jersey).

Thus, as a matter of law, at least the existence of relator's and the journalist's relationship is separately protected from disclosure as a matter of law. For these reasons, the trial court's ruling as to Exhibit M is erroneous and should be corrected in this original proceeding by, at a minimum, ordering the redaction of the journalist's identity and any information that would serve to identify the confidential relationship. *See In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding).

Accordingly, I would conditionally grant relator partial mandamus relief as to Exhibit M and deny relator relief as to Exhibits B through L and N through S.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210085CF.P05

–3–